## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **LINDSAY BUCKLEY** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:13-cv-12846** |
| | ) | |
| | ) | |
| **PENN CREDIT CORPORATION** | ) | |
| Defendant. | ) | |

### INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Lindsay Buckley, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES

2.  Plaintiff <u>Lindsay Buckley</u> (hereinafter "Lindsay") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state:  <u>Rockingham County</u>, in the state of <u>New Hampshire</u>.

3. Defendant <u>Penn Credit Corporation</u> (hereinafter "Defendant") is a citizen of the United States of America and is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the following County, at the following address: <u>Dauphin County</u>, in the state of <u>Pennsylvania</u>.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

<u>JURISDICTION</u>

Jurisdiction is asserted pursuant to the following statutory authorities:

6.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

7.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

8.  Sometime before November 4, 2013, a debtor who is not the Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5). Defendant continued to contact Plaintiff for an alleged debt that someone else was responsible for.

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Lindsay and placing collection call(s) to Lindsay on her home phone prior to November 4, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

From October of 2012 through April of 2013, Lindsay and her husband were residents of Methuen, Massachusetts.


12.   Defendant called Lindsay's home phone, within one year prior to the filing of this complaint, from October of 2012 to around the middle of February of 2013.   Defendant used an automatic telephone dialing machine system, as defined under 47 U.S.C. § 227(a)(1)(A) and (B), with the capability of predictive dialing when it made said calls. Both Lindsay and her husband told Defendant that Lindsay was not the true debtor that Defendant was looking for; who Defendant said was 'Xavier Maldonado'.   Lindsay and her husband, on multiple occasions, tried to get a live person on the phone during a call with Defendant, to further alert Defendant that it had the wrong person, but an electronic voice message indicated that Defendant was closed and that they would not be able to speak to a live person.   This is in part how Lindsay came to know she must have been called by an automated machine.


13.   Defendant disregarded what Lindsay and her husband told it, and continued to call her more than two times in a seven day periods, and in excess of 40 times after she told them to stop calling her; knowing this would harass and annoy her.   This was done without Lindsay's consent, without having a prior existing business relationship with Lindsay, and without the calls being for emergency purposes; invading Lindsay's privacy.   This conduct was in violation of both the FDCPA and the TCPA, namely including, **but not limited to**, violations of 15 U.S.C. §§ 1692c(d), § 1692d, §1692f, and 47 U.S.C. § 227b(1)(B).   These were communication(s), as defined under 15 U.S.C. § 1692a(2).

14.  The above mentioned conduct by Defendant occurred while Lindsay was a Massachusetts resident.  Lindsay consulted with and sought legal representation, who agreed to represent her and sent Defendant a demand letter via certified mail on her behalf, for Defendant's violations of state and federal law; in accordance with Massachusetts General Laws Chapter 93A, Section 9, Subsection 3.  This letter was received by Defendant, and is believed to have been ignored by Defendant, as there was no response from Defendant to Plaintiff's legal representative within thirty days of Defendant's receipt of the demand letter.

## SUMMARY

15.  All of the above-described collection communications made to Plaintiff Lindsay Buckley by this individual Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein.

16.  The above-detailed conduct by this Defendant of harassing Lindsay in an effort to collect this debt was a violation of multiple provisions of the FDCPA and TCPA, including but not limited to all of the above mentioned provisions of the FDCPA and TCPA.

17.  As a result of the acts alleged above, Defendant caused Lindsay to become very upset because of the illegal manner in which she was contacted and this alleged debt was collected by this Defendant.

18.  Lindsay suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions.

19.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Lindsay.

**RESPONDEAT SUPERIOR LIABILITY**

20.  The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff Lindsay Buckley as more further described herein, were committed within the time and space limits of their agency relationship with their principal; Defendant.

21.  The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22.  By committing these acts and omissions against Lindsay, this individual Defendant and these other debt collectors were motivated to benefit their principal; Defendant.

23.  Defendant is therefore liable to Lindsay through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by

its collection employees, including but not limited to violations of the FDCPA and TCPA, in their attempts to collect this debt by communicating with Lindsay.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

24.  Lindsay repeats, realleges, and incorporates the averments contained in all of the above paragraphs of his complaint as though fully set forth herein.

25.  Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Lindsay.

26. Defendant's acts as described above were done intentionally with the purpose of coercing Lindsay to pay the alleged debt.

27. As a result of the foregoing violations of the FDCPA, Defendant is liable to Lindsay for actual damages, statutory damages, and reasonable costs and attorney fees.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

28.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.  The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, with respect to Lindsay.

30.  As a result of the foregoing violations of the TCPA, Defendant is liable to the plaintiff Lindsay Buckley for declaratory judgment that Defendant violated to TCPA, actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, and treble damages pursuant to 47 U.S.C. § 227 from Defendant herein.

**THIRD CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

31.  Plaintiff Lindsay Buckley repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

33. In enacting the FDCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Lindsay, and to place restrictions on unconsented telephone calls that are not for emergency purposes that are placed to individuals' home phones for commercial purposes, and by imposing obligations upon debt collectors, such as Defendant, to not continue to place any calls to the home phone of a consumer it does not have a business relationship with, who has told a debt collector such as Defendant not to call, in violation of FCC regulations.

34. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]**

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

35. In enacting the TCPA, Congress sought to protect the privacy interests of telephone subscribers, such as Lindsay, and place restrictions on unsolicited telephone calls placed to individuals' home phones with an predictive dialer that uses an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, and without it being for emergency purposes, for commercial purposes, and by imposing obligations upon debt

collectors, such as Defendant, to not place any calls to the home phone of a consumer in

violation of FCC regulations.


36.  Congress further recognized a consumer's right to privacy in financial data in passing the

Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad

range of "financial institutions" including companies that try to collect on debts, albeit without a

private right of action, when it stated as part of its purposes:


> It is the policy of the Congress that <u>each financial institution has an affirmative</u>
> <u>and continuing obligation to respect the privacy of its customers</u> and to protect the
> security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).


37.  Defendant and/or its agents intentionally and/or negligently interfered, physically or

otherwise, with the solitude, seclusion and/or private concerns or affairs of Lindsay, namely, by

repeatedly and unlawfully attempting to collect an alleged debt from Lindsay, and thereby

invaded Lindsay's privacy.


38.  Defendant also intentionally and/or negligently interfered, physically or otherwise, with the

solitude, seclusion and/or private concerns or affairs of the Lindsay, namely, by repeatedly and

unlawfully contacting her home phone without invitation and/or her express consent, or it being

for emergency purposes, including through the usage of an automatic telephone dialing system

with the capability for predicative dialing, and thereby invaded Lindsay's right to privacy.

39.  Defendant and/or its agents intentionally and/or negligently caused emotional harm to Lindsay by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Lindsay to pay on it, which amounted to conduct to intentionally and maliciously harass, inconvenience, bother, frustrate, agitate, aggravate, and annoy Lindsay, thereby invading and intruding upon Lindsay's right to privacy.

40.  Upon information and belief, Defendant and its agents had knowledge of both the FDCPA and the TCPA and what is lawful action under it prior to calling Lindsay, yet they continued to contact her in an illegal manner.

41.  Lindsay had a reasonable expectation of privacy in Lindsay's solitude, seclusion, private concerns and affairs.

42.  The conduct of this Defendant and its agents, in engaging in the above-described illegal debt collection conduct against Lindsay, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

43.  All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

44.  As a result of such intrusions and invasions of privacy, Defendant is liable to Lindsay for actual damages in an amount to be determined at trial from Defendant.

## FOURTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

45.  Plaintiff Lindsay Buckley incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46.  The acts, practices and conduct engaged in by the Defendants vis-a-via Lindsay were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47.  The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.  At the very least, it constitutes the negligent infliction of emotional distress under the laws of Massachusetts, with the harm caused being the emotional distress suffered by Lindsay.

48.  All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## FIFTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

49.  Plaintiff Lindsay Buckley incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50.  Defendants employed unfair or deceptive acts to collect the alleged Debt, in violation of M.G.L. c. 93A § 2; and Defendants tried to reach via telephone Lindsay at home telephone number more than two times in a seven day time period, in violation of 940 CMR 7.04(f).

51.  Defendant's failed to respond within thirty days to the demand letter that Plaintiff's legal representation sent to it via certified mail, and its failure to comply with the above provisions constitutes an unfair or deceptive act under M.G.L. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.  Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA and TCPA violations, and the invasions of Plaintiff's privacy, and for all the intentional, and/or negligent infliction of emotional distress; in amounts to be determined at trial and for Plaintiff.

B.  Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A), and

trebled statutory damages pursuant to the TCPA, and double or treble statutory damages pursuant

to M.G.L. c. 93A § 9.


C.  Punitive damages.


D.  Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. §

1692k(a)(3), and reasonable attorney's fees pursuant to M.G.L. c. 93A § 9.


E.  For such other and further relief as the Court may deem just and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY.**  US Const. amend. 7. Fed.R.Civ.P. 38.


Dated:  November 11, 2013                     RESPECTFULLY SUBMITTED,
                                              Consumer Rights Law Firm, PLLC
                                              By: /s/ Kevin Crick
                                              Kevin Crick, Esq.
                                              Consumer Rights Law Firm, PLLC
                                              231 Sutton St., Suite 1A
                                              North Andover, Massachusetts 01845
                                              Telephone: (978) 420-4747
                                              Fax#1: (978) 409-1846
                                              Email: kevinc@consumerlawfirmcenter.com
                                              Attorney for Plaintiff Lindsay Buckley